Mr. Bob Burns 2611 Briarwood Magnolia, AR 71753
Re: Conflict of interests of member(s) of the Board of Trustees of Southern Arkansas University
Dear Mr. Burns:
This is in response to your letter requesting an opinion on the following question:
 Is a conflict of interest created under the provisions of Act 570 of 1979 when a State supported educational institution maintains substantially all of its deposit relationship with one financial institution to the exclusion of others within the immediate vicinity, and the Chief Executive Officer and a Director of said financial institution is a member of the Board of Trustees.
In our opinion such a conflict of interest is created.
Act 570 of 1979 was enacted to establish a code of ethics for public officers and employees. Members of the Board of Trustees of State supported educational institutions come within this Act, Section 2(e). Section 3 of the Act states,
 "Use of office to obtain special privilege prohibited. No public official or State employee shall use his position to secure special privileges or exemptions for himself, his spouse, child, parents or other persons standing in the first degree of relationship, or for those who with whom he has a substantial financial relationship, that are not available to others, except as may be otherwise provided by law.
In our opinion, the actions of the Board of Trustees depositing substantially all of its deposits in a bank when a member of the Board is the Chief Executive Officer and a Director of the bank violates Section 3 by giving the bank a substantial financial relationship it would not necessarily have without the help of the Board. Analogous to this situation is Ark. Stat. Ann. 19-909 (Supp.) which provides that no alderman or city council members shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment or services unless otherwise permitted by law. In situations such as these, although no impropriety is implied, the appearance of such is sufficient enough that the General Assembly has legislated against such actions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Curtis L. Nebben.
Sincerely,
STEVE CLARK Attorney General
SC:CLN:dd